IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DALE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-805-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for social security disability benefits. Plaintiff asserts disability beginning September 12, 2001, due to hepatitis C, fatigue, and problems with concentration and memory, depression, and attention deficit hyperactivity disorder. After a hearing, an administrative law judge (ALJ) determined that plaintiff

1 - ORDER

was not disabled.

Plaintiff contends the ALJ erred in: (1) failing to pose a complete and proper hypothetical; and (2) determining that plaintiff could perform her past relevant work.

### 1. Plaintiff's Restrictions

When considering whether plaintiff met the requirements of a listed impairment at step three of the sequential evaluation, the ALJ found that while plaintiff did not meet any of the listings, she did demonstrate "certain cognitive limitations and inattentiveness to tasks at hand [and her] limitations in [the area of concentration, persistence or pace] are moderate." Tr. 15. When the ALJ moved on to determine whether plaintiff could perform her past relevant work, he concluded that while plaintiff had no exertional limitations, she is "limited to the performance of simple, 1-2-3 step, repetitive, unskilled work tasks in settings where she would have limited interaction with the public." Tr. 16.

Plaintiff argues that the ALJ failed to include in his hypothetical, to the vocational expert, plaintiff's moderate limitations in the area of concentration, persistence or pace. However, the ALJ accounted for plaintiff's non-exertional limitations by posing a hypothetical that included the limitation to the performance of simple, 1-2-3 step, repetitive, unskilled work tasks in settings where she would have limited interaction with the public.

2 - ORDER

Such a restriction accounted for the practical ramifications that flow from plaintiff's restrictions in the area of concentration, persistence or pace.[1]  The record supports the ALJ's conclusion as to plaintiff's non-exertional restrictions and the ALJ did not err in this regard.

### 2.   Past Work

The ALJ determined that plaintiff could perform her past relevant work based on his findings of what plaintiff can do despite her non-exertional limitations.  Tr. 17.  The ALJ properly relied on vocational expert testimony that a person with such restrictions could perform work as a production worker and packager. (Tr. 41).

Plaintiff contends that the ALJ erred by failing to ascertain whether plaintiff's restrictions limited her from doing her past relevant work as she defined it.  Plaintiff stated that her past work included use of technical knowledge or skills, writing reports, and using machines and tools.  However, the ALJ appropriately relied on the vocational expert's assessment of the work of production worker and packager.  See SSR 82-62 (information on past relevant work will be derived from the claimant or other informed source).  The

---

[1] For instance, the ALJ clarified plaintiff's moderate limitations in concentration, persistence or pace as an inability to perform work that required sustained, complex instructions, and tasks during the ordinary course of the events.  Tr. 15.  The ALJ's limitation posed to the vocational expert thus reformulated this restriction by including what plaintiff can do so that the expert could form an opinion as to what jobs plaintiff could perform.

3 - ORDER

vocational expert did not find that plaintiff's restrictions precluded her past relevant work. (Tr. 41).

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed and this proceeding is dismissed.

DATED this __12th__ day of __May__, 2006.

                                            s/ Michael R. Hogan
                                            UNITED STATES DISTRICT JUDGE